GLENN E. SMITH
GLENN E. SMITH & ASSOCIATES
216 Longs Peak Dr.
Cheyenne, Wyoming 82009
Telephone: (307) 635-4912

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 NOV 30 PM 3 17

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **FRANCINE HAUSER,** a Wyoming resident,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**INTERNATIONAL MEDICAL GROUP INC.**, an Indiana corporation,<br><br>    **Defendant.** | Civil Action No. **12CV269-F** |

## COMPLAINT

COMES NOW the Plaintiff in the above-entitled action, Francine Hauser, by and through her attorney, Glenn E. Smith, and for her claims against the above referenced Defendant, International Medical Group, Plaintiff states and alleges as follows:

### PARTIES TO THE PROCEEDING

1. Plaintiff is a resident of Thermopolis, Wyoming and, at times hereinafter mentioned, was insured under a certificate of insurance issued to her by Defendant

International Medical Group ("IMG") pursuant to the terms of its "Patriot Travel Medical Insurance" group health plan.

2. Incorporated in Indiana, IMG is a managing general underwriter and plan administrator for the Patriot Travel Medical plan. In that capacity, IMG issued a certificate of insurance evidencing coverage under this plan on behalf of Sirius International Insurance Corporation ("Sirius"), the insurer of the certificate issued to Plaintiff.

3. Sirius is an insurer based in Stockholm, Sweden. Neither Sirius nor IMG are licensed entities in the State of Wyoming. Plaintiff alleges on information and belief that the certificate of insurance was issued to Plaintiff by IMG on a surplus lines basis under Wyo. Stat. §26-11-101 *et. seq.*

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1442(a), this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a citizen of the State of Wyoming and Defendant is incorporated and maintains its principle place of business in Indiana.

5. The matter in controversy in this action, as set forth hereinafter, exceeds the sum or value of $75,000.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2)(3) and §1391(c)(2) in that a substantial part of the events or omissions giving rise to the

Plaintiff's claim occurred in this district and the Defendant otherwise is subject to the Court's personal jurisdiction with respect to this action.

### STATEMENT OF FACTS COMMON TO ALL CLAIMS

7. Effective February 2, 2010, Plaintiff purchased a certificate of insurance from IMG under the Patriot America Medical Travel plan. Under the certificate, health coverage is excluded for pre-existing conditions, defined as follows under Exclusion T:

> Any Injury, Illness, sickness, disease, or other physical, medical, Mental or Nervous Disorder, condition or ailment that, **with reasonable medical certainty**, existed at the time of Application or at any time during the three years prior to the Effective Date of this insurance, whether or not previously manifested, symptomatic or known, diagnosed, Treated, or disclosed to the Company prior to the Effective date, and including any and all subsequent, chronic or recurring complications or consequences related thereto or resulting there from. [Bold emphasis added].

8. Thus, according to the terms of the certificate, treatment for Plaintiff's breast cancer was pre-existing, and thus excluded from coverage, if the cancer was found to exist with "reasonable medical certainty" between February 2, 2007, three years prior to February 2, 2010, the effective date of the policy.

9. Prior to her diagnosis, Plaintiff underwent a mammogram at regular two-year intervals, as recommended by her physician. On November 30, 2006, Plaintiff obtained a mammogram from the Foundation for Breast Cancer Screening in Switzerland. The program director of this institution, Dr. Jean-Pierre De Landtsheer, wrote to Plaintiff on that date and stated: "I am pleased to inform you that this exam showed no suspicious anomaly."

10. On November 11, 2008, a date falling within the three-year pre-existing period of the policy, the Plaintiff obtained another mammogram from the same institution. On that same date the program director, this time Dr. Cyril Ducros, wrote to the Plaintiff and again informed her "this exam showed no suspicious anomaly."

11. Approximately two years later, on October 28, 2010, Plaintiff had yet another mammogram administered to her at the Hot Springs County Memorial Hospital in Thermopolis, Wyoming. That mammogram showed an enlargement of what was previously determined to be a non-suspicious fibroglandular density in the left breast. The fibroglandular material was scattered with no observable masses or clustered microcalcifications. Stable, non-clustered microcalcifications of the right breast were also noted in the October 28, 2010 mammogram with no enlargement from mammograms previously taken in 2006 and 2008.

12. Consistent with established medical practice, a biopsy of the left breast, where previous fibroglandular material was shown to have enlarged, was determined to be appropriate, leading to a diagnosis of an invasive ductal carcinoma with an associated small component of DCIS on November 15, 2010.

13. Plaintiff subsequently underwent treatment for this condition at Hot Springs County Memorial Hospital in November and December of 2010. Total medical bills in the approximate sum of $35,000 were submitted to the Defendant for payment.

14. Defendant denied payment of Plaintiff's claims for cancer treatment on the grounds that her breast cancer was a "pre-existing" condition as defined by the policy.

According to the Defendant, the "non-suspicious" and otherwise normal fibroglandular material and non-clustered microcalcifications revealed by Plaintiff's previous mammograms demonstrated, to a reasonable medical certainty, the existence of cancer prior to the effective date of the policy.

15. Plaintiff thereafter appealed the Defendant's claim decision and included a letter from Dr. James Taylor, a radiologist practicing in Riverton, Wyoming. It was his opinion that the densities observed in Plaintiff's breast tissue in 2006 and 2008 represented a usual occurrence and often do not change for decades. He further opined that only when change in the density is indicated by mammogram is further investigation warranted, such as a biopsy of breast tissue. He finally indicated that no one is able to determine with "reasonable medical certainty" that the otherwise normal densities observed in Plaintiff's left breast prior to October of 2010 were cancerous. Any effort to do so is simply speculation after the fact.

16. Nonetheless, Defendant denied Plaintiff's appeal of the Defendant's claim denial by letter dated April 20, 2011. Plaintiff subsequently instituted this action.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

Plaintiff re-alleges all allegations made elsewhere in her Complaint and for her First Claim for Relief against the Defendant further states and alleges as follows:

17. By refusing to pay for or otherwise reimburse Plaintiff or her medical providers for expenses incurred by Plaintiff for treatment of breast cancer, Defendant materially breached the contract of insurance between Plaintiff and Sirius.

18. This breach occurred because the Plaintiff's breast cancer, for all of the reasons cited throughout this Complaint, did not constitute a "pre-existing" condition" as defined under the Plaintiff's certificate of insurance.

19. Defendant's breach of contract was material and severe. Because of the breach, Plaintiff's medical creditors are attempting to collect approximately $35,000 in medical expenses that should have been paid by the Defendant. As a result, Plaintiff has not only suffered the loss of policy benefits, but also damage to her credit reputation, severe emotional distress, and lack of enjoyment of life, all of which was reasonably foreseeable to the Defendant when Plaintiff and Sirius first entered into a contract of insurance.

20. Plaintiff has satisfied all conditions precedent under her contract of insurance.

**SECOND CLAIM FOR RELIEF – BAD FAITH**

Plaintiff re-alleges all allegations made elsewhere in her Complaint and for her Second Claim for Relief against the Defendant further states and alleges as follows:

21. By virtue of the contractual relationship between the Defendant and Sirius, the Defendant owed and continues to owe, on behalf of Sirius, a duty of good faith and fair dealing to the Plaintiff under Wyoming law.

22. The Defendant violated its duty of good faith and fair dealing to the Plaintiff by intentionally and knowingly refusing to reimburse Plaintiff for the medical

expenses she incurred for treatment of breast cancer when it should have known that such expenses were a payable benefit under the policy.

23. There is no way the Defendant could have determined to a reasonable "medical certainty" that the otherwise normal fibroglandular material and non-clustered microcalcifications revealed by Plaintiff's previous mammograms demonstrated were cancerous prior to the effective date of the policy. Had Plaintiff's physicians even suspected that Plaintiff might have had cancer prior to her mammogram in October of 2010, they would have investigated further at that time.

24. The Defendant knew that its refusal to pay such expenses was unreasonable when the Plaintiff's claim was denied or, alternatively, the Defendant refused to pay such expenses with reckless disregard of Plaintiff's rights under the certificate of insurance issued to her by the Defendant on behalf of Sirius.

25. The violation of the duty of good faith and fair dealing by the Defendant proximately caused the Plaintiff to suffer serious damage and loss as set forth in the Plaintiff's Prayer for Relief.

26. Defendant's actions toward Plaintiff were willful, wanton, intentional, and designed to injure and damage the Plaintiff in this proceeding.

### THIRD CLAIM FOR RELIEF

Plaintiff re-alleges all allegations made elsewhere in this Complaint and for her Third Claim for Relief further states and alleges as follows:

27. The refusal of the Defendant to pay the medical expenses associated with Plaintiff's treatment breast cancer, as described throughout this Complaint, was unreasonable and without cause.

28. As a result, the Defendant is liable for Plaintiff's reasonable attorney's fees and interest as provided by W.S.26-15-124(c).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs prays for judgment from the Court in an amount sufficient to invoke the jurisdiction of this Court as follows:

1. Payment of her claim for all medical expenses associated with the treatment she received for breast cancer;

2. Payment of her reasonable attorney's fees incurred as a result of the Defendant's refusal to timely and reasonably pay her claim for medical expenses;

3. Interest of 10% per annum applied to the claim from the date the claim was denied by the Defendant;

4. Damages for the emotional distress Plaintiff has suffered as a result of the Defendants refusal to pay her claims.

5. Damage to Plaintiff's credit reputation as a result of Plaintiff's inability to pay the medical expenses in question;

6. Damages for Plaintiff's loss of enjoyment of life caused by Defendant's denial of her claim for policy benefits;

7. Exemplary damages as permitted by law; and

8. Such other and further relief as deemed appropriate by the Court.

The total of all damages sought by Plaintiff from the Defendant is well in excess of the $75,000 jurisdictional minimum necessary to invoke the jurisdiction of this Court.

Dated this 29th day of November 2012.

Respectfully submitted,

*/s/ Glenn E. Smith*

Glenn E. Smith
Glenn E. Smith & Associates
216 Longs Peak Dr.
Cheyenne, WY 82009
307-635-4912

Attorney for Francine Hauser