J. Kent Rutledge #5-1392
Shawnna M. Herron #7-4550
Lathrop & Rutledge, P.C.
1920 Thomes Ave., Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068
307-632-0554
307-635-4502 (facsimile)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Francine Hauser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-269-F |
| | ) |
| International Medical Group Inc., | ) |
| an Indiana Corporation, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

COMES NOW, Defendant International Medical Group Inc., by and through its attorneys, Lathrop & Rutledge, P.C., and moves the Court to enter an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. In the alternative, Defendant respectfully seeks an order transferring this case to the United States District Court for the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S.C. § 1404, assuming that federal jurisdiction is otherwise appropriate and lawful.

## **TABLE OF CONTENTS & ARGUMENTS**

**Nature of Case** ...................................................................................................................4

**Legal Standard** ..................................................................................................................5

**The Forum Selection Clause Is Valid and Enforceable** ............................................................5

**Conclusion** .......................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*,
  123 F.Supp.2d 569, 572 (D. Kan. 2000) ............................................................................5

*The Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1, 9–12 (1972) ....................................................................................................6

*Electronic & Missile Facilities, Inc. v. United States*,
  306 F.2d 554 (5th Cir.1962), *rev'd on other grounds, sub nom* ..........................................6

*Furry v. First Nat'l Monetary Corp.*
  602 F.Supp. 6, 8 (W.D. Okla. 1984) ...............................................................................5, 6

*In re Fireman's Fund,*
  588 F.2d 93, 95 (5th Circ. 1979) ....................................................................................5, 6

*Microfibres, Inc. v. McDevitt-Askew,*
  20 F.Supp.2d 316, 324 (1998) ...........................................................................................6

*National Equipment Rental Ltd. v. Szukhent,*
  375 U.S. 311, 84 S.Ct. 411 (1964) ....................................................................................5

*Riley v. Kingsley Underwriting Agencies, Ltd.*,
  969 F.2d 953, 956 (10th Cir. 1992) ..................................................................................5

*Visicorp* v. *Software Arts, Inc.*,
  575 F.Supp. 1528, 1532 (N.D. Cal. 1983) ........................................................................5

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(3) ................................................................................................................5
28 U.S.C. § 1391 .......................................................................................................................5, 7
28 U.S.C. § 1404 ..........................................................................................................................8

**Nature of Case**

Plaintiff brings claims for breach of contract and bad faith against Defendant International Medical Group (IMG). Plaintiff generally alleges that she purchased traveler's medical insurance coverage from IMG. When Plaintiff was diagnosed with breast cancer, she submitted a claim to IMG, who denied coverage asserting that the cancer was a pre-existing condition, which the policy explicitly excluded.

Plaintiff's Insurance Policy with IMG (attached hereto as Exhibit A) contains a venue provision: the insured unequivocally agreed that proper venue for any court action relating to this insurance shall be in Indiana:

> (6) SERVICE OF SUIT; VENUE; CHOICE OF LAW; TRIAL BY COURT - … Sole and exclusive jurisdiction and venue for any court action or administrative proceeding relating to this insurance shall be in Marion County, Indiana, for which the Insured Person expressly consents. … Indiana law shall govern all rights and claims raised under this Certificate of Insurance…
>
> In the event of the failure of the Company to provide benefits or pay or reimburse any amount claimed to be due under this insurance, the Company, at the request of the Insured Person and upon receipt of lawful process or summons, will submit to the jurisdiction of a court of competent subject matter jurisdiction located in Marion County, Indiana, provided there exists an independent statutory and constitutional basis for *in personam* jurisdiction over the Company in said court and by said forum State. The Company consents to personal jurisdiction and venue in the Circuit and/or Superior Courts of Marion County, Indiana, and in the United States District Court for the Southern District of Indiana, Indianapolis Division (assuming that federal jurisdiction is otherwise appropriate and lawful)…

Ex. A at 2, ¶ B(6).

## Legal Standard

In federal cases, venue is proper in a judicial district in which the defendant resides, a judicial district in which a substantial part of the events or omissions occurred or—in the absence of another proper district—any district in which the defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391. Plaintiff waives these statutory venue provisions, however, when she agrees to a contractual forum selection clause. *Furry v. First Nat'l Monetary Corp.* 602 F.Supp. 6, 8 (W.D. Okla. 1984). *See also e.g., In re Fireman's Fund,* 588 F.2d 93, 95 (5th Circ. 1979) *citing National Equipment Rental Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411 (1964).

Federal law controls a dispute over venue in diversity cases where a contractual forum selection clause is at issue. *Visicorp v. Software Arts, Inc.*, 575 F.Supp. 1528, 1532 (N.D. Cal. 1983). Motions to dismiss for improper venue are considered under Rule 12(b)(3), Fed. R. Civ. P. *See Riley v. Kingsley Underwriting Agencies, Ltd*., 969 F.2d 953, 956 (10th Cir. 1992). Plaintiff bears the burden of establishing that venue is proper and all factual disputes are resolved in plaintiff's favor. *Black & Veatch Constr., Inc. v. ABB Power Generation, Inc*., 123 F.Supp.2d 569, 572 (D. Kan. 2000). In ruling on the motion, the Court may consider matters outside the pleadings without converting it to a motion for summary judgment. *Id.* at 572.

## The Forum Selection Clause Is Valid and Enforceable

Plaintiff voluntarily purchased insurance coverage through IMG and submitted to a venue clause in that contract. This provision is mandatory and the Court should dismiss this case.

**Contractual forum selection clauses are mandatory**. *Furry v. First Nat. Monetary Corp.*, 602 F.Supp. 6, 9 (W.D. Okla. 1984), *emphasis added*. These clauses protect a corporate Defendant from having to litigate in distant forums all over the nation and should be enforced when invoked by the party for whose benefit they are intended. *See In re Fireman's Fund,* 588 F.2d at 95, *citing Electronic & Missile Facilities, Inc. v. United States,* 306 F.2d 554 (5th Cir.1962), *rev'd on other grounds, sub nom.* They are *prima facie* valid and should be enforced unless they can be shown to be unreasonable under the circumstances of the case. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–12 (1972).

In order to prove unreasonableness, Plaintiff must show that trial in the contract forum will be so *manifestly* and *gravely inconvenient* that she will be effectively deprived of a meaningful day in court. *Id.* at 19, *emphasis added*. Plaintiff therefore bears a heavy burden to overcome the forum selection clause. *Id*. at 14. Freely negotiated forum selection clauses that are "unaffected by fraud, undue influence, or overweening bargaining power" are enforceable. *Id*. at 12. Courts have found that forum selection clauses found in "boilerplate language" and mere inequality of bargaining power are not enough to overcome Plaintiff's voluntary agreement to a particular forum. *Microfibres, Inc. v. McDevitt-Askew,* 20 F.Supp.2d 316, 324 (1998). Additionally, convenience to the Plaintiff—in terms of general financial hardship or availability of evidence or witnesses—is not a proper consideration in the enforceability of a forum-selection clause. *Id.* at 325.

Under the facts of this case, Plaintiff bears a heavy burden to show why the District of Wyoming is a proper venue for this action. In her Complaint, Plaintiff simply alleges that venue

is appropriate pursuant to 28 U.S.C. § 1391(c)(2), which provides that venue is appropriate in a district where a substantial part of the events giving rise to the claim occurred. Compl. ¶ 6. That provision does not apply as Plaintiff waived any statutory venue provisions when she signed the contract at issue. Plaintiff has failed, and will continue to fail, to meet the heavy burden of otherwise proving that Wyoming is the proper venue. Plaintiff cannot make the required showing that the contract at issue was affected by fraud, undue influence or overreaching, or that enforcement of the clause will be so unreasonable as to deprive Plaintiff of her day in Court.

Plaintiff voluntarily agreed that venue would be proper in Indiana. This provision was included to protect IMG from being forced to defend cases in distant forums all over the nation—exactly as Plaintiff is attempting here. The Court, as the case law above instructs, is required to enforce the contractual forum clause when it is invoked by the party it was meant to benefit, namely, IMG. Plaintiff cannot claim that the contract at issue was the result of fraud, undue influence or overreaching, because in this action Plaintiff is attempting to enforce the very same contract.

## Conclusion

Venue is proper in Indiana, as Plaintiff agreed when she purchased the insurance coverage at issue. Plaintiff cannot meet her burden of showing that Wyoming is the proper venue.

WHEREFORE, Defendant respectfully requests that the Court dismiss the present action for improper venue and that Defendant be awarded costs incurred herein.

In the alternative, Defendant respectfully requests that the Court enter an order, pursuant to 28 U.S.C. § 1404, transferring the case to the United States District Court for the Southern District of Indiana, Indianapolis Division, assuming that federal jurisdiction is otherwise appropriate and lawful.

DATED this 15th day of February, 2013.

/s/ Shawnna M. Herron
J. Kent Rutledge, #5-1392
Shawnna M. Herron #7-4550
LATHROP & RUTLEDGE, P.C.
1920 Thomes Avenue, Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068
307-632-0554
307-535-4502 (facsimile)
krutledge@lr-law.org
sherron@lr-law.org

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically through the CM/ECF system which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing this 15th day of February, 2013:

Glenn E. Smith
Glenn E. Smith & Associates
216 Longs Peak Drive
Cheyenne, WY 82009
(307) 635-4912

/s/   Shawnna M. Herron