FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 APR 1 PM 2 25

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FRANCINE HAUSER,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL MEDICAL<br>GROUP, INC., an Indiana Corporation,<br><br>Defendant. | Case No. 12-cv-269-F |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss for Improper Venue or in the Alternative Motion to Transfer Venue. Plaintiff has failed to respond to the motion in any manner. Pursuant to Local Rule 7.1(b)(2)(A), Plaintiff's failure to respond may be considered by the Court as a confession of the motion. However, the Court finds it is appropriate to consider this motion on the merits.

### BACKGROUND

Plaintiff Hauser brings claims against Defendant International Medical Group, Inc. (IMG) for breach of contract and bad faith related to a certificate of insurance ("Policy")

issued to Plaintiff. Plaintiff claims that she purchased medical coverage from Defendant. Plaintiff was diagnosed with breast cancer and Defendant denied coverage, asserting that the cancer was a pre-existing condition, which the Policy precluded.

Defendant asserts that the Policy at issue contains a venue provision, which requires Plaintiff to file her suit in Indiana. Specifically, the Policy states:

> (6) SERVICE OF SUIT; VENUE; CHOICE OF LAW; TRIAL BY COURT -
>
> * * *
>
> Sole and exclusive jurisdiction and venue for any court action or administrative proceeding relating to this insurance shall be in Marion County, Indiana, for which the Insured Person expressly consents. . . . Indiana law shall govern all rights and claims raised under this Certificate of Insurance.
>
> In the event of the failure of the Company to provide benefits or pay or reimburse any amount claimed to be due under this insurance, the Company, at the request of the Insured Person and upon receipt of lawful process or summons, will submit to the jurisdiction of a court of competent subject matter jurisdiction located in Marion County, Indiana, provided there exists an independent statutory and constitutional basis for in personam jurisdiction over the Company in said court and by said forum State. The Company consents to personal jurisdiction and venue in the Circuit and/or Superior Courts of Marion County, Indiana, and in the United States District Court for the Southern District of Indiana, Indianapolis Division (assuming that federal jurisdiction is otherwise appropriate and lawful). . . .

(Doc. 12-1 at 3). Based on the choice of forum clause in the Policy, Defendant asks the Court to either dismiss the suit or transfer venue to the United States District Court for the Southern District of Indiana.

## DISCUSSION

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). "The enforceability of forum selection, choice of law and arbitration provisions are questions of law which we review de novo." *Id.* "The procedure to decide a motion to dismiss for improper venue is generally the same as for deciding a motion to dismiss for lack of personal jurisdiction." *Black & Veatch Const., Inc. v. ABB Power Generation, Inc.*, 123 F.Supp.2d 569, 571 (D. Kan. 2000).

Defendant argues that the determination of whether the forum selection clause is valid is matter of federal common law, rather than state law. Because the Court finds that there are no material discrepancies between Wyoming law and federal common law related to the validity of forum selection clauses, see *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (in an admiralty case, the Court held forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be

3

'unreasonable' under the circumstances"); *Durdahl v. National Safety Associates, Inc.*, 988 P.2d 525, 528 (Wyo. 1999)(the Wyoming Supreme Court found "forum selection clauses are *prima facie* valid and will be enforced absent a demonstration by the party opposing enforcement that the clause is unreasonable or based upon fraud or unequal bargaining positions."), the Court finds it is unnecessary to decide the choice of law issue.

In this case, it is clear that the Policy contains a mandatory forum selection clause and Plaintiff agreed that "[s]ole and exclusive jurisdiction and venue for any court action or administrative proceeding relating to this insurance shall be in Marion County, Indiana . . . ." (Doc. 12-1 at 3). Therefore the Court will enforce this provision unless Plaintiff establishes that the clause is unfair or unreasonable. See *Zapata Off-Shore Co.*, 407 U.S. at 10; *Durdahl*, 988 P.2d at 528.

Plaintiff failed to file any responsive pleading to Defendant's Motion to Dismiss. Therefore, Plaintiff has not provided the Court with any basis to determine that the forum selection clause is not valid and enforceable. While this may have been a contract of adhesion, in which Plaintiff had very little bargaining power over the terms of the contract, there is no evidence before the Court to invalidate the forum selection clause.

Under 28 U.S.C. § 1404(a), the Court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in

the interest of justice." 28 U.S.C. § 1404(a). The decision whether to grant a motion to transfer is within the sound discretion of the district court. See *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). In this case, the Court does not find it is appropriate to transfer jurisdiction. There does not appear to be any statute of limitations issues that would prevent Plaintiff from refiling this action in the proper venue. Plaintiff may choose to bring her case in either the state or federal court in Marion County, Indiana. The Court will allow Plaintiff to choose which of these forums she prefers. For these reasons, the Court will not transfer this case to the United States District Court for the Southern District of Indiana.

## CONCLUSION

For all the above stated reasons, the Court finds that the Policy at issue contained a valid forum selection clause, requiring Plaintiff to file in either the state or federal court in Marion County, Indiana. For these reasons, the Court will decline to exercise jurisdiction in this matter.

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

Dated this ___1___ day of April, 2013.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE

5